**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**OCALA DIVISION**

CASE NO. 1:12-CV-00026-MP-GRJ

JAMES BERRY,

     Plaintiff,

v.

PROFESSIONAL BUREAU
OF COLLECTIONS OF MARYLAND,
INC. and PURCHASERS ADVANTAGE,
LLC,

     Defendants.

_____/

## PLAINTIFF'S MOTION TO COMPEL BETTER ANSWERS TO DISCOVERY

Plaintiff, James Berry ("Plaintiff"), by and through his undersigned counsel, hereby moves the Court for entry of an Order compelling Defendant, Professional Bureau of Collections of Maryland, Inc. ("Defendant"), to provide better answers to Plaintiff's Interrogatories, and to produce additional documents, items, and things in response to Plaintiff's Requests for Production.  In support thereof, Plaintiff states as follows:

### I.     INTRODUCTION.

Plaintiff properly made various discovery requests of Defendant in this matter.  In response, Defendant provided a laundry list of boilerplate objections, raised confidentiality objections despite the existence of a valid confidentiality agreement in this matter, and failed to respond fully and adequately to Plaintiff's discovery requests.  The Federal Rules of Civil Procedure governing discovery provide that a party may move to compel discovery in such circumstances.  Defendant's discovery responses are so skeletal, inadequate, and evasive that Plaintiff's ability to develop and move forward with his claims, and his ability to give adequate

consideration to Defendant's affirmative defenses, has been severely prejudiced. Plaintiff therefore moves for entry of an Order compelling discovery.

## II.    STATEMENT OF PROCEDURE.

On October 13, 2011, Plaintiff filed his original Complaint in this matter, alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et seq.* (Doc. 1). Plaintiff's Complaint seeks statutory and actual damages, as well as other relief, for Defendant's violative debt collection activities. (*See* Doc. 1). On January 16, 2012, Defendant filed its Answer and Affirmative Defenses. (Doc. 11).

On January 20, 2012, Plaintiff properly served discovery requests upon Defendant, including interrogatories and requests for production, pursuant to Fed. R. Civ. P. 33 and 34. (Discovery Requests dated January 20, 2012, attached hereto as Exhibit "A"). Defendant sent Plaintiff written correspondence, dated March 13, 2012, requesting that Plaintiff execute a Confidentiality Agreement, as some of the materials being produced were alleged to be confidential, trade secret or internal business information. (See March 13, 2012 Correspondence from Defendant, attached hereto as Exhibit "B").

In response, on March 15, 2012, Plaintiff forwarded the executed Confidentiality Agreement to counsel for Defendant. (See March 15, 2012 Correspondence Enclosing Confidentiality Agreement, attached hereto as Exhibit "C".) Defendant forwarded its discovery responses and an accompanying privilege log to Plaintiff on March 16, 2012. (See Defendant's Discovery Responses and Privilege Log, attached hereto as Exhibit "D"). Defendant, for the most part, provided insufficient, evasive, and otherwise inadequate answers. (See Exhibit "D"). Plaintiff sent Defendant written correspondence on April 18, 2012, requesting better answers to

Plaintiff's Interrogatories, and the production of additional documents, items, and things in order to resolve these matters expeditiously. (See April 18, 2012 Correspondence, attached hereto as Exhibit "E").

On May 8, 2012, still not having heard back from Defendant, Plaintiff requested a Rule 37 Conference in order to discuss the matter further. (See May 8, 2012 Correspondence, attached hereto as Exhibit "F".) To date, Defendant has failed to provide supplemental documents, items, or things in response to Plaintiff's Requests for Production, or sufficient responses to Plaintiff's Interrogatories.

## III.   STANDARD OF REVIEW.

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This includes "discovery that appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Information is relevant to the subject matter if the information might reasonably assist a party in evaluating its case, preparing for trial, or facilitating settlement. *Hickman v. Taylor*, 329 U.S. 495, 506-7 (1947). Plaintiff is therefore entitled to discovery as to "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case . . . [including] a variety of fact-oriented issues [which] may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

If a party objects to a discovery request, that party has a "heavy burden of showing why the requested discovery should not be permitted." *Henderson v. Holiday CVS. LLC.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010). "The onus is on the party resisting discovery to demonstrate specifically how the objected-to information is unnecessary, unreasonable or otherwise unduly burdensome." *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1354 (S.D. Fla. 2000). "[O]bjections

must be specific and supported by a detailed explanation why the [discovery requests] are objectionable." *Carson v. City of Ft. Lauderdale*, 173 So.2d 743, 745 (Fla. 2d DCA 1965) (quoting *U.S. v. Nysco Laboratories, Inc.*, 26 F.R.D. 159, 161 (E.D.N.Y. 1960)). Once the resisting party meets its burden, the burden shifts to the moving party to show that the information is relevant and necessary. *Gober v. City of Leesburg*. 197 F.R.D. 519, 521 (M.D. Fla. 2000).

Nonetheless, if a party objects but still answers the request, the objection is waived. *Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mutual Fire Ins. Co.*, 2011 WL 3841557, at *3 (M.D. Fla. 2011). "Even though the practice has become common here and elsewhere, courts have found that whenever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands." *Id.* Importantly, "[o]bjecting but answering subject to the objection is not one of the allowed choices under the Federal Rules." *Id.* at *2.

Where a party fails to answer a propounded interrogatory or otherwise fails to respond to a discovery request, the opposing party may move the Court to compel an answer to said discovery requests. Fed. R. Civ. P. 37(a)(3)(B). Moreover, "evasive or incomplete" discovery responses are treated the same as outright failure to respond to a discovery request. Fed. R. Civ. P. 37(a)(4).

## IV. DEFENDANT HAS FAILED TO PRODUCE DOCUMENTS, ITEMS, AND THINGS RELATING TO PLAINTIFF'S ACCOUNT AND TO THE COLLECTION OF PLAINTIFF'S ALLEGED DEBT DESPITE REPEATED REQUESTS, WARRANTING ENTRY OF AN ORDER COMPELLING THE PRODUCTION OF SAID MATERIALS.

Plaintiff requested various categories of documents, items, and things through his Requests for Production, all of which were calculated to lead to the discovery of admissible evidence relating to Defendant's efforts to collect Plaintiff's alleged debt. (*See* Exhibit "A").

Some Requests sought documents relating to the disciplinary histories of Defendant's individual debt collector employees. (*See, e.g.*, Exhibit "A," Request for Production No. 4). Others sought details of other litigation alleging violations of the FDCPA by Defendant. (*See, e.g.*, Exhibit "A," Request for Production No. 24). Several sought documentation of agreements or communications between the Defendant and the original creditor on Plaintiff's account. (*See, e.g.* Exhibit "A," Requests for Production Nos. 17, 19, 20).

As Plaintiff demonstrates below, these Requests for Production properly seek documents, items, and things that are highly relevant to Plaintiff's claims, and to Defendant's affirmative defenses. Defendant has asserted a variety of boilerplate objections to Plaintiff's Requests, but has failed to properly support its objections with the detailed explanations required under the Federal Rules of Civil Procedure. *See Rossbach*, 128 F. Supp. 2d at 1354.

**A.   Plaintiff's Request For Production No. 4; Defendant's Response.**

Plaintiff's Request for Production No. 4 seeks documents, items, and things relevant to the employment disciplinary history of Defendant's individual debt collector employees who participated in Defendant's attempts to collect an alleged debt from Plaintiff:

> **PLAINTIFF'S REQUEST FOR PRODUCTION NO. 4:** Any and all personnel files, human resource department records, employment files, and other documents involving all individuals who participated in any way in Defendant's attempts to collect the debt referenced in Plaintiff's complaint, including but not limited to any disciplinary notices, reprimands, incident reports, and electronic recordings of collection communications that were the subject of private or other complaints by any person.

> **DEFENDANT'S RESPONSE:** Objection to the extent this request is overly broad, unduly burdensome, vague, ambiguous and seeks documents and/or materials that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request seeks information protected by the attorney client privilege and/or work product immunity, or which is protected as confidential,

proprietary, trade secret or business information.  Subject to such objection and without waiving the same, Defendant provides the following response: Defendant has produced relevant documents and/or materials in its possession, custody or control identified as EMPLOYEE LIST.  Such documents and/or materials shall only be produced within the narrow scope of the claims and defenses raised in this case.

Exhibit "D," Request No. 4.

As discussed more fully below, Defendant's response to Request for Production No. 4 is inadequate, and its objections are unsupported.  The information sought will directly relate to Defendant's *bona fide* error defense, and will likely assist Plaintiff in establishing his claims directly.  Moreover, Defendant asserts an objection based upon confidentiality.  This too is misplaced, as the parties have already entered into a confidentiality agreement:

1.   **The Court Should Compel Defendant To Produce The Materials Relating To Plaintiff's Production Requests Discussed in § IV(A), Above, As They Will Assist Plaintiff In Establishing His Claims, And In Calculating Plaintiff's Damages.**

Defendant fails to elaborate upon its boilerplate objections. Under Fed. R. Civ. P. 34, a failure to make particularized objections to document requests constitutes a waiver of those objections.  *Sabol v. Brooks,* 469 F. Supp. 2d 324, 328-29 (D. Md. 2006).  Defendant's objections are therefore deemed waived.  *Pepperwood,* 2011 WL 3841557 at *3.  The documents, items, and things sought would very likely assist Plaintiff in establishing his claims, as they would be helpful in constructing a timeline or chain of events with relation to Defendant's debt collection activity, and would make Plaintiff aware of individuals whose deposition testimony could prove useful in developing his claims.

These documents would also be relevant to the amount of statutory damages recoverable by Plaintiff.  The FDCPA provides for statutory damages, and allows the Court, in calculating the amount of statutory damages, to consider such factors as "the frequency and persistence of

noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Thus, records relating to each individual who participated in the collection of the alleged debt noted in Plaintiff's Complaint (Doc. 1) are relevant to the ultimate amount of Plaintiff's statutory damages.  Despite Defendant's objection that Plaintiff's Request is "overly broad," this Request is sufficiently limited in scope, as it is drafted to include only individuals who participated in the collection of the alleged debt of Plaintiff.  Accordingly, Defendant should be required to supplement its response to this Request.

Defendant has provided a brief list (the above-noted "EMPLOYEE LIST") including only names, job positions, a few words descriptive of these individuals' activities in relation to this matter, and employment status (two of the employees appear no longer to be employed by Defendant, and without further records relating to these individuals, Plaintiff will have difficulty subpoenaing them).[1]  The "EMPLOYEE LIST" produced by Defendant falls woefully short of satisfying Plaintiff's reasonable Request.  Defendant should therefore be compelled to produce the requested documents, personnel files, etc., rather than the summary list produced so far.

2.   **This Court Should Compel Defendant To Produce The Materials Responsive To Plaintiff's Production Requests Discussed in § IV(A), Above, So That Plaintiff May Properly Evaluate Defendant's *Bona Fide* Error Defense.**

Defendant has asserted a *bona fide* error defense in this matter, but has not provided specific evidence to substantiate it.  (*See* Doc. 11).  Pursuant to the FDCPA at 15 U.S.C. § 1692k(c), a debt collector is shielded from liability under the FDCPA if it can show by a preponderance of the evidence that its violation of the action was (1) not intentional, (2) resulted from a *bona fide* error, and 3) occurred despite the maintenance of procedures reasonably

---

[1] Defendant has marked this summary list "CONFIDENTIAL," and Plaintiff therefore does not attach it hereto.

adapted to avoid such violation.  See *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1352-53 (11th Cir. 2009).

The disciplinary history of Defendant's individual debt collector employees who participated in the collection of Plaintiff's alleged debt is highly relevant to an analysis of whether Defendant maintains procedures reasonably adapted to avoid violations.  If Defendant's debt collector employees have engaged in similar conduct in the past, Defendant will be hard-pressed to argue that its violations were the result of unintentional, *bona fide* errors.  The brief, bare-bones "EMPLOYEE LIST" produced by Defendant simply fails to provide even an appreciable fraction of the information Plaintiff requires, and is entitled to.

**B.    Plaintiff's Request For Production No. 17; Defendant's Insufficient Response.**

Plaintiff's Request for Production No. 17 seeks documents between Defendant and any creditor regarding Plaintiff and collection of Plaintiff's alleged debt:

> **PLAINTIFF'S REQUEST FOR PRODUCTION NO. 17:** All documents between Defendant and any creditor regarding Plaintiff and collection of the debt referenced in Plaintiff's complaint.
>
> **DEFENDANT'S RESPONSE:** Objection to the extent this request seeks documents and/or materials that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the extent this request seeks information protected by the attorney client privilege and/or work product immunity, or which is protected as confidential, proprietary, trade secret or business information.

Exhibit "D," Request No. 17.

Defendant's Response to Request for Production No. 17 is inadequate.  Information relating to communications between Defendant and any creditor regarding Plaintiff and collection of the debt referenced in Plaintiff's complaint is reasonably calculated to lead to the discovery of admissible evidence.  Defendant responded to Plaintiff's Request for Production

No. 17 with many of the same boilerplate objections as in its previous responses. (*See, e.g.,* §
IV(A), *supra*). Under Fed. R. Civ. P. 34, failure to make particularized objections to document
requests constitutes a waiver of those objections. *Pepperwood,* 2011 WL 3841557 at *3.

More fundamentally, Plaintiff is unquestionably entitled to discover information and
documentation between Defendant and the alleged original creditor relating to the underlying
debt.    Communications between Defendant and the original creditor clearly precipitated
Defendant's collection efforts in this case. Such information would therefore be relevant not only
to Plaintiff's claims, but to Defendant's asserted defenses, particularly its "*bona fide* error"
defense.

Such communications could indicate whether Defendant instructed its employees to
engage in activities violative of its policies or procedures, on its own or at the behest of the
alleged original creditor.   If, for instance, correspondence, memoranda, or even handwritten
notes or marginal comments (see Exhibit "A") between Defendant and the original creditor
provided for, encouraged, or required debt collection behavior or tactics at odds with,
inconsistent with, or diametrically opposed to debt collection policies and procedures maintained
by Defendant, the viability and worth of Plaintiff's claims will be supported, while at the same
time Defendant's "*bona fide* error" defense will have grave doubts cast upon it. *See Edwards*,
584 F.3d at 1352-53.  Plaintiff cannot know whether the agreement between Defendant and the
original creditor, and/or communications between Defendant and the original creditor, created
any such inconsistencies or problems unless Plaintiff's Request is responded to properly and
fully.

Defendant's response further consists of objections based on purported attorney-client
privilege, work product doctrine, and on confidentiality, proprietary, trade secret, or business

information, despite the fact that the parties have mutually agreed to a confidentiality agreement. (*See* Exhibit "C").  What's more, despite invoking attorney-client privilege, Defendant makes no reference to this Request in its Privilege Log.  (See Exhibit "D").  Defendant should be compelled to produce the requested documents between Defendant and any creditor regarding Plaintiff and collection of the debt referenced in Plaintiff's Complaint.

    **C.**    **Plaintiff's Request For Production No. 19; The Inadequacy Of Defendant's Response.**

Plaintiff's Request for Production No. 19 seeks documents sent to or received from any creditor regarding Plaintiff and/or the debt referenced in Plaintiff's complaint:

> **PLAINTIFF'S REQUEST FOR PRODUCTION NO. 19:** All documents sent to or received from any creditor regarding Plaintiff and/or the debt referenced in Plaintiff's complaint.

> **DEFENDANT'S RESPONSE:** See Response to Request for Production No. 17.

Exhibit "D," Request No. 19; § IV(B), *supra*.

Defendant's Response to Request for Production No. 19 is inadequate.  Documents sent to or received from any creditor regarding Plaintiff and/or the debt referenced in Plaintiff's complaint are reasonably calculated to lead to the discovery of admissible evidence.  If, for instance, Plaintiff's alleged debt was owned by or assigned to intermediate creditors before being placed for collection with Defendant, and if such creditor or creditors directed Defendant via correspondence or other means to engage in collection activity inconsistent with Defendant's normal policies and procedures, Defendant's *bona fide* error defense will be cast into doubt, and Plaintiff's claims will be shown to enjoy further support.  *See Edwards*, 584 F.3d at 1352-53. This is just one example of how such documents are relevant to the claims and defenses at issue in this matter.

Nevertheless, Defendant has responded to Plaintiff's Request for Production No. 19 with the same boilerplate objections as in its previous responses. Under Fed. R. Civ. P. 34, failure to make particularized objections to document requests constitutes a waiver of those objections. *Pepperwood,* 2011 WL 3841557 at *3. Defendant's response also includes objections based on purported confidentiality, despite the fact that the parties have previously agreed to a protective order. (*See* Exhibit "C"). What's more, despite invoking attorney-client privilege, Defendant makes no reference to this Request in its Privilege Log. (See Exhibit "D"). Defendant should be compelled to produce requested documents sent to or received from any creditor regarding Plaintiff and/or the debt referenced in Plaintiff's complaint.

**D.    Plaintiff's Request For Production No. 20; The Insufficiency Of Defendant's Response.**

Plaintiff's Request for Production No. 20 seeks documents relating to present and past contracts or agreements between Defendant and the creditor originating or owning the debt referenced in Plaintiff's complaint:

> **PLAINTIFF'S REQUEST FOR PRODUCTION NO. 20:** All documents relating to present and past contracts or agreements between Defendant and the creditor originating or owning the debt referenced in Plaintiff's complaint.
>
> **DEFENDANT'S RESPONSE:** See Response to Request for Production No. 17.

Exhibit "D," Request No. 20; § IV(B), *supra.*

Defendant's Response to Request for Production No. 20 is inadequate. Documents relating to present and past contracts or agreements between Defendant and the creditor originating or owning the debt referenced in Plaintiff's complaint are reasonably calculated to lead to the discovery of admissible evidence. If a contract or agreement between Defendant and the original creditor obligated Defendant to take debt collection actions in violation of its internal

policies, or in violation of the FDCPA, this would certainly be relevant to Plaintiff's claims, and to Plaintiff's potential statutory damages. *See* 15 U.S.C. § 1692k(a)(2)(A). Such contracts or agreements would also be relevant to Defendant's affirmative defenses, including its "*bona fide* error" defense. *See Edwards*, 584 F.3d at 1352-53.

Again, however, Defendant has responded to Plaintiff's Request for Production No. 20 with the same boilerplate objections as in its previous responses. Under Fed. R. Civ. P. 34, failure to make particularized objections to document requests constitutes a waiver of those objections. *Pepperwood*, 2011 WL 3841557 at *3. Defendant's response also includes objections based on purported confidentiality, despite the fact that the parties have previously agreed to a protective order. (*See* Exhibit "C"). What's more, despite invoking attorney-client privilege, Defendant makes no reference to this Request in its Privilege Log. (*See* Exhibit "D"). Defendant should be compelled to produce requested documents sent to or received from any creditor regarding Plaintiff and/or the debt referenced in Plaintiff's complaint.

## V.   DEFENDANT HAS WAIVED MOST, IF NOT ALL, OF ITS OBJECTIONS TO PLAINTIFF'S INTERROGATORIES, WARRANTING ENTRY OF AN ORDER COMPELLING DEFENDANT TO SUPPLEMENT ITS RESPONSES.

Defendant's responses to several of Plaintiff's Interrogatories (*See* Exhibit "A") are similarly flawed. Via one of his Interrogatories, Plaintiff seeks an identification of debt collection contracts or agreements between Defendant and the original creditor on Plaintiff's alleged debt, which would unquestionably be relevant to an analysis of whether Defendant's debt collection activities violated the FDCPA. (*See* Exhibit "A," Interrogatory No. 11). Another of Plaintiff's Interrogatories seeks details of prior litigation alleging similar violations of the FDCPA by Defendant, which would clearly be relevant to, among other things, an assessment of the viability of Defendant's *bona fide* error defense. (*See* Exhibit "A," Interrogatory No. 12).

Another of Plaintiff's Interrogatories seeks details of each of Defendant's affirmative defenses. (*See* Exhibit "A," Interrogatory No. 14). Plaintiff is unquestionably entitled to such information so that he may adequately consider and respond to Defendant's affirmative defenses. Defendant's responses to Plaintiff's Interrogatories recite many of the boilerplate objections discussed above. As noted previously, Defendant consistently fails to provide a detailed explanation of its objections, and fails to demonstrate specifically how the objected-to information is unnecessary, unreasonable or otherwise unduly burdensome. *See Pepperwood*, 2011 WL 3841557 at *3; *Rossbach*, 128 F. Supp. 2d at 1354. Defendant should therefore be compelled to provide better answers to Plaintiff's Interrogatories. Plaintiff discusses each Interrogatory, Defendant's response, and Plaintiff's rationale in support of his Motion more fully, as follows:

### A.  Plaintiff's Interrogatory number 11; Defendant's Response.

Plaintiff's Interrogatory No. 11 Plaintiff seeks an identification of debt collection contracts or agreements between Defendant and the original creditor on Plaintiff's alleged debt, which would unquestionably be relevant to an analysis of whether Defendant's debt collection activities violated the FDCPA:

> **INTERROGATORY NO. 11:** Identify all present and past contracts or agreements between Defendant and the creditor originating or owning the debt referenced in Plaintiff's complaint, and give the date of the initial contract or agreement with the creditor and identify the terms of the agreement between Defendant and the creditor pursuant to which Defendant sought to collect the debt referenced in Plaintiff's complaint.

> **ANSWER:** Objection to the extent this Interrogatory is overly broad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this Interrogatory seeks information protected as confidential, proprietary, trade secret or business information.

Exhibit "D," Interrogatory No. 11.

Notwithstanding Defendant's response, a mere statement by a party that an interrogatory is overly broad, burdensome, oppressive, and irrelevant is not adequate to voice a successful objection. *Vasquez-Fernandez v. Cambridge Coll., Inc.*, 269 F.R.D. 150, 155 (D. P.R. 2010). Objections must be specific and supported by a detailed explanation why the interrogatory or class of interrogatories are objectionable. *Nysco Laboratories*, 26 F.R.D. at 161.

Information relating to all present and past contracts or agreements between Defendant and the creditor originating or owning the debt referenced in Plaintiff's complaint is highly relevant to determining the nature of Defendant's collection practices with respect to Plaintiff's alleged debt, and is therefore reasonably calculated to yield admissible evidence. Additionally, Defendant's confidentiality objection is misplaced, as the parties have previously agreed to a confidentiality agreement. Defendant should therefore be compelled to provide an acceptable response to this eminently reasonable discovery request.

> **B.    Plaintiff's Interrogatory number 14; Defendant's Failure To Provide Any Facts In Support Of Its Various Affirmative Defenses.**

Plaintiff's Interrogatory No. 14 seeks a statement as to facts relied upon by Defendant with respect to each of its affirmative defenses:

> **INTERROGATORY NO. 14:** Please state in detail the facts upon which Defendant relies for each affirmative defense included in Defendant's answer to Plaintiff's Complaint.
>
> **ANSWER:** Objection to the extent this Interrogatory is overly broad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this Interrogatory seeks information protected by the attorney client privilege and/or work product immunity.

Exhibit "D," Interrogatory No. 14.

As discussed above, one of Defendant's affirmative defenses is the bona fide error defense, which shields debt collectors from liability under the FDCPA if they can show by a preponderance of the evidence that their violations of the actions were 1) not intentional and 2) resulted from a bona fide error despite 3) procedures reasonably adapted to avoid such violation. (See Doc. 11);  *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009). Plaintiff can in no way evaluate the merits of this defenses without knowing, in detail, the facts upon which Defendant relies in asserting it.  Defendant also has raised defenses asserting that Plaintiff has failed to mitigate his damages, and has filed and maintained his claims in bad faith and for purposes of harassment.  (See Doc. 11).  Perhaps not surprisingly, Defendant has failed to provide any facts upon which it relies in asserting these defenses, either.

Defendant's refusal to provide the facts upon which it relies in asserting these defenses gives rise to a strong presumption that Defendant in fact lacks a factual basis for asserting these defenses, and that they, like the majority of Defendant's objections to Plaintiff's discovery requests, are little more than empty boilerplate calculated to frustrate the swift and efficient administration of justice in this matter.  What's more, despite invoking attorney-client privilege, Defendant makes no reference to this Interrogatory in its Privilege Log.  (See Exhibit "D").  Nor does Defendant deign to explain how facts, rather than legal theories or conclusions, could constitute work product, or be protected by the attorney-client privilege.  This Court should compel Defendant to provide the facts upon which Defendant relies with respect to each of its affirmative defenses, such information being reasonably calculated to lead to admissible evidence.

**VI.      CONCLUSION.**

This Court should grant Plaintiff's Motion to Compel Better Answers so that Plaintiff may adequately prepare and present his case, including by preparing and filing dispositive motions.  The information, documents, items, and things sought via the above-discussed requests are all relevant to the issues under consideration, as Plaintiff has demonstrated.  The requests were properly propounded.  Defendant cannot reasonably object to basic discovery requests designed to elicit core information relevant to Plaintiff's claims, and to Defendant's affirmative defenses.  To the extent that Defendant wishes to raise evidentiary objections before the Court on grounds of admissibility, Defendant is well within its rights to do so at trial.  However, at the present time, in this discovery phase, such objections are premature, and Plaintiff's Motion should be granted.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order compelling Defendant to produce all outstanding responsive documents and information addressed herein, and granting any further relief that this Court deems just and proper.

<div style="margin-left:40%">

Respectfully submitted,
**JAMES BERRY**


By: /s/ Alex Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT this Notice was filed on this 22nd day of August, 2012, by means of the CM/ECF system which will send notice of electronic filing to the following: Mr. Ernest H. Kohlmyer, III, at skohlmyer@southmilhausen.com.

By: s/Alex D. Weisberg
Alex D. Weisberg

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY THAT I requested supplementation of Defendant's discovery responses on multiple occasions, as described herein, and that my office has conferred in good faith with counsel for Defendant in an attempt to resolve by agreement the issues raised herein, but that we were unsuccessful for the reasons described herein.

By: s/Alex D. Weisberg
Alex D. Weisberg